J-S53037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :   IN THE SUPERIOR COURT OF
                                         :         PENNSYLVANIA
                                         :
         v.                         :
                                         :
                                       :
LASHAWN MARQUISE SANDERS    :
                                         :
          Appellant         :   No. 1347 EDA 2019

Appeal from the Judgment of Sentence Entered December 3, 2018
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0002332-2017

BEFORE:  OLSON, J., STABILE, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:               **FILED MARCH 10, 2020**

Appellant Lashawn Marquise Sanders appeals from the judgment of sentence imposed after he pled guilty to one count each of involuntary manslaughter and possession of a firearm with altered manufacturer's number (the VUFA offense).[1]  Appellant claims that he did not knowingly, intelligently and voluntarily plead guilty to the VUFA offense because he was not aware that the serial number on the firearm had been destroyed.  We affirm.

The relevant facts and procedural history of this appeal are as follows. On August 24, 2017, Appellant was handling a handgun in the presence of several people at a residence in East Stroudsburg.  While waving the handgun around, Appellant shot and killed his best friend (the decedent).  Appellant

---

[1] 18 Pa.C.S. § 2504(a) and 18 Pa.C.S. § 6110.2(a), respectively.

then unloaded the handgun and placed it on a table. Police responded to the scene and witnesses gave conflicting accounts of the shooting.

That same day, police obtained a search warrant, recovered the handgun, and observed scratch marks over its serial number. The police took Appellant into custody and filed a criminal complaint.

Appellant agreed to submit to a proffer on October 10, 2017. On October 28, 2017, the Commonwealth filed a criminal information charging Appellant with seven counts, including homicide, the VUFA offense, and four counts of recklessly endangering another person.[2]

On September 19, 2018, Appellant entered an open guilty plea to involuntary manslaughter and the VUFA offense. Appellant signed a written colloquy that outlined the crimes charged, factual basis of the charges, and maximum penalties. Written Plea Colloquy, 9/19/18, at 1-2, 4.

At the guilty plea hearing, Appellant's counsel read the following basis for the plea on the record.

> [Appellant's Counsel]: [Appellant] is pleading guilty to the charge of Involuntary Manslaughter, a misdemeanor of the first degree. In terms of maximum, it's a five-year sentence and a fine of $10,000. He's also pleading guilty to possession of a firearm with manufacturer number altered, a felony of the second degree. In terms of maximum penalty, it's ten years and a $25,000.
>
> The elements of the offense which [Appellant] is pleading guilty are that on August 24th, 2017 in the Borough of East Stroudsburg, the County of Monroe, the Commonwealth of Pennsylvania, [Appellant] waved a Ruger 9 millimeter semi-automatic handgun

---

[2] Additionally, the Commonwealth charged Appellant with discharge of a firearm into an occupied structure.

loaded with hollow point rounds in the presence of several people, including [the decedent]. At that time, the gun accidentally discharged striking and killing [the decedent]. [Appellant's] conduct was in reckless disregard of the danger of death or serious bodily injury to others. Additionally, the firearm possessed by [Appellant] had an altered obliterated serial number.

N.T. Guilty Plea Hr'g, 9/19/18, at 10 (some formatting altered). The trial court later confirmed:

THE COURT: Okay. And let me ask. Those facts, [Appellant], do you agree with those facts?

[Appellant]: Yes, sir.

THE COURT: And do you understand that your maximum exposure on this plea combined with these two charges, if they were to run consecutive and you did receive the maximum penalty, it would be 15 years of incarceration and/or a $35,000 fine?

[Appellant]: Yes, sir.

*Id.* at 12.

The trial court accepted Appellant's plea and deferred the matter for sentencing. On December 3, 2018, the trial court sentenced Appellant to an aggregate term of four to ten years' incarceration.[3]

Appellant filed a timely post-sentence motion to withdraw his guilty plea to the VUFA offense, referencing *Commonwealth v. Wylie*, 419 MDA 2017 (Pa. Super. filed Dec. 28, 2017) (unpublished mem.).[4] Appellant argued that

---

[3] We note that Appellant filed a pre-sentence memorandum indicating that he was unaware of the alterations to the firearm's serial number.

[4] In accord with the 2019 amendments to Pa.R.A.P. 126, this Court's Operating Procedures state, in relevant part, that "[a]n unpublished

he did not possess the requisite *mens rea*. Post-Sentence Mot. at 2. Appellant alleged that the facts did not support his plea because the firearm was registered to another person and there was "no circumstantial or direct evidence that [Appellant] had knowledge about the alteration when he came into possession of the firearm and consciously disregarded the alteration . . . but was in mere, unknowing possession, which renders his conviction a manifest injustice." *Id.* (some formatting altered).

The trial court conducted a hearing on Appellant's motion on March 1, 2019 and held the motion under advisement. On April 3, 2019, the trial court denied the motion and issued an opinion supporting its decision. The trial court found that "the Commonwealth's burden of proving [Appellant's *mens rea*] to convict on the [VUFA offense] would not have come as such an unfair surprise as to make [Appellant's] plea unintelligent or unknowing." Trial Ct. Op., 4/3/19, at 6.

---

memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by a Court or a party in any other action or proceeding, except . . . when the memorandum is relevant to a criminal action or proceeding because it recites issues raised and reasons for a decision affecting the same defendant in a prior action or proceeding." Superior Court OP § 65.37 (as amended eff. Apr. 2019). Nevertheless, **Wylie** relied on the published opinion in **Commonwealth v. Jones**, 172 A.3d 1139, 1145 (Pa. Super. 2017), which held that "the Crimes Code requires that the Commonwealth prove that a defendant acted intentionally, knowingly, or recklessly with respect to the obliterated manufacturer's number on the firearm." **Jones**, 172 A.3d at 1145.

Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) statement. The trial court filed a Rule 1925(a) opinion referencing its prior opinion denying the post-sentence motion.

On appeal,[5] Appellant raises a single issue for our review:

> Whether the [trial] court abused its discretion in not permitting Appellant to withdraw his guilty plea to possession of a firearm manufacture number obliterated, because such a plea was wholly unknowing where in light of [**Wylie**] Appellant did not possess the requisite *mens rea* to be culpable under the statute . . . ?

Appellant's Brief at 4 (citations omitted, some formatting altered).

Appellant argues that his plea was not knowing, intelligent, and voluntary because he did not understand that a conviction for the VUFA offense required a *mens rea* element. **See id.** at 11-12. Appellant contends that he did not know the gun had an altered serial number at the time he

---

[5] Appellant's counsel initially failed to transmit a complete certified record to this Court. Finding that the certified record did not contain transcripts from the sentencing and post-sentence motion hearings, this Court, on October 10, 2019, directed Appellant's counsel to request transcription and comply with all state and local rules for obtaining the records necessary for review. Counsel failed to comply. On November 19, 2019, this Court again directed counsel to take all necessary steps to complete the certified record for our review within twenty-eight days. Counsel did not comply within the timeframe set by this Court, but eventually took steps to obtain the transcripts, which this Court received on January 27, 2020. This Court could have dismissed this appeal based on counsel's inaction and dilatory conduct. **See Commonwealth v. Preston**, 904 A.2 1, 7 (Pa. Super. 2006). However, we decline to do so under the circumstances of this case.

possessed it. *Id.* at 11. Appellant maintains that he pled guilty because he believed that possessing a firearm with an altered manufacturer's number was a strict liability crime. Moreover, Appellant claims that his plea lacked a sufficient factual basis. *Id.* at 10-11. Appellant insists that the trial court should have granted his motion to withdraw his guilty plea.[6] *Id.* at 8.

The law governing our review is well settled. "When considering the propriety of a trial court's denial of a motion to withdraw a guilty plea, we are bound by the determination of that court unless we find that it committed an abuse of discretion." *Commonwealth v. Mobley*, 581 A.2d 949, 952 (Pa. Super. 1990).

> [A]fter the court has imposed a sentence, a defendant can withdraw his guilty plea only where necessary to correct a manifest injustice.
>
> \*   \*   \*
>
> To be valid [under the "manifest injustice" standard], a guilty plea must be knowingly, voluntarily and intelligently entered. [A] manifest injustice occurs when a plea is not tendered knowingly, intelligently, voluntarily, and understandingly. The Pennsylvania Rules of Criminal Procedure mandate pleas be taken in open court and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea.

---

[6] Appellant's arguments regarding how the trial court abused its discretion and that manifest injustice occurred were underdeveloped. Nevertheless, the gist of Appellant's claim is apparent and counsel's failure to present a more detailed argument does not hinder our ability to conduct meaningful appellate review. We add that the Commonwealth has not filed a brief.

*Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa. Super. 2016) (citations and quotation marks omitted).

There are six areas under Pa.R.Crim.P. 590, which the trial court should confirm that a defendant understands:

> (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea.

*Id.* (citation omitted).

"A plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa. Super. 2015) (citation omitted); *see also Commonwealth v. Schultz*, 477 A.2d 1328, 1330 (Pa. 1984) (noting that a guilty plea can be deemed valid "even if the guilty plea colloquy lacks an explanation of the elements of the crime charged").

> The reviewing [c]ourt will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

*Kpou*, 153 A.3d at 1023-24.

Following our review, we agree with the trial court that the totality of the circumstances established that Appellant's plea was knowing, intelligent, and voluntary. Although the colloquy did not include an explanation of the elements, Appellant's plea remains valid. **See Schultz**, 477 A.2d at 1330. Appellant and his counsel signed a written colloquy confirming that Appellant understood the elements of the VUFA offense.[7]

At the post-sentence motion hearing, the Commonwealth offered two exhibits: (1) the notes of testimony from the proffer and (2) a photo of the subject handgun.[8] **See** N.T. Post-Sentence Mot. Hr'g, 3/1/19, at 12. Significantly, counsel for the Commonwealth summarized portions of the proffer transcript without objection from Appellant's counsel. The

_____

[7] The law requires the presumption that counsel is effective. **See Commonwealth v. Lesko**, 15 A.3d 345, 380 (Pa. 2011) (noting that "few tenets are better settled than the presumption that counsel is effective" and that "it is all too easy for the defendant or the court to second-guess a strategy that has proven unsuccessful" (citations omitted)). Under the circumstances of this case, this would include counsel's knowledge of the law that existed at the time of Appellant's plea that made clear that the VUFA offense was not a strict liability crime. **See also Jones**, 172 A.3d at 1145.

[8] The Commonwealth's exhibits were admitted into evidence at the post-sentence motion hearing. However, the exhibits were not transmitted to this Court in the certified record. Appellant submitted no evidence at the post-sentence motion hearing and did not object to the admission of the Commonwealth's evidence.

The trial court relies upon the proffer transcript in its 1925(a) opinion and Appellant refers to it in his brief. The proffer was conducted as an "aid to a potential plea resolution" and Appellant was represented by different counsel at the proffer. N.T. Post-Sentence Mot. Hr'g, at 10. Appellant's current counsel entered his appearance shortly after the proffer.

Commonwealth asserted that the proffer testimony detailed Appellant's familiarity and interactions with the handgun prior to the shooting. *See id.* at 11-12. Additionally, the Commonwealth argued that the photo of the handgun demonstrated that the scratches on the serial number were obvious. *See id.* at 12.

In summarizing the proffer transcript, counsel for the Commonwealth indicated that Appellant "acknowledged that the serial number was obliterated [but] had no idea why that would be done." *Id.* (some formatting altered). Further, based on the proffer transcript, Commonwealth counsel indicated that Appellant "[saw] the gun about three days before [the shooting] and he handled the gun at that time." *Id.* at 11. Additionally, the Commonwealth's summary indicated that Appellant "saw the gun around the house in the intervening time frames between that date and the date of the shooting." *Id.*

Based on our review of the record and the reasons stated above, we agree with the trial court that Appellant did not establish manifest injustice warranting relief on the post-sentence motion to withdraw his guilty plea. Because we find no abuse of discretion in the trial court's conclusions, we affirm the judgment of sentence. *See Mobley*, 581 A.2d at 952.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/20